IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-04054-01-SRB |
| | ) | |
| MARQUEZ JAVAUGHN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Marquez Javaughn Williams's *pro se* filing requesting the Court grant him compassionate release. (Doc. #59.) The Court construes the instant filing as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the motion is denied.

In 2019, Defendant Williams pled guilty to failure to register as a sex offender and transfer of obscene materials to a minor in violation of 18 U.S.C. § 1470 and 18 U.S.C. § 2422(b), respectively. (Doc. #49.) This Court subsequently sentenced Defendant Williams to a seventy-seven-month term of imprisonment, to be followed by a ten-year term of supervised release. (Doc. #56.) Defendant Williams is currently incarcerated at the federal correctional institution located in Pekin, Illinois ("FCI Pekin") and his projected release date is January 5, 2024.

On October 19, 2020, Defendant Williams filed the instant *pro se* motion, stating the threat posed by COVID-19 constitutes an extraordinary and compelling reason to grant his early release. Defendant Williams petitioned the warden of FCI Pekin for compassionate release approximately two months before he sought relief directly from the Court, and he states the warden denied his request. Defendant Williams asserts that despite his young age (he is twenty-nine years old), he

suffers from "several co-morbidities" that place him at a heightened risk of serious illness or death should he contract COVID-19. (Doc. #59, p. 1.) Specifically, Defendant Williams is obese, suffers from hypertension, and is HIV positive. While the Government concedes Defendant Williams's apparent health conditions constitute an extraordinary and compelling reason to reduce his sentence, he remains a danger to this community and should not be released from custody.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). The Government concedes that Defendant Williams has exhausted his administrative remedies.

Upon review of the record, the Court finds the circumstances do not warrant a reduction of Defendant Williams's sentence. The Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, particularly in light of Defendant Williams's medical conditions. However, the Court agrees with the Government's assessment that Defendant Williams remains a danger to the community at this time. Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g)(1)–(4). Considering the relevant factors, the Court finds that despite his young age, Defendant Williams has an extensive criminal history and his conduct indicates poor decision-making and a continuing failure to adhere to the law. Given the potential risk of danger his release would pose to the community, and because Defendant Williams has not satisfied his burden under 18 U.S.C. § 3582(c), his motion for compassionate release is denied.

Accordingly, it is hereby **ORDERED** that Defendant Williams's *pro se* motion for compassionate release (Doc. #59) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>November 24, 2020</u>

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE